UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LINDA G. CAMPBELL, )<br>)<br>Plaintiff )<br>) | |
| ) | No. 3:12-0306 |
| v. ) | Judge Nixon/Brown |
| ) | **Jury Demand** |
| COSTCO WHOLESALE CORPORATION, )<br>) | |
| Defendant ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

    **1.**    **Status of Service of Process:** Service of process has been completed.

    **2.**    **Status of Responsive Pleadings:** Defendant has responded to the Complaint.

    **3.**    **Jurisdiction:** The parties agree that the Court has jurisdiction under 28 U.S.C. § 1331.

    **4.**    **Plaintiff's Theory of the Case:** Plaintiff has been employed with defendant as a dispensing optician since September 2008, and she has performed her job duties for defendant in an exemplary manner. In May of 2011, plaintiff was suffering from debilitating stress and was required to be absent for a period of time from her job as a result of her serious health condition. Defendant determined that plaintiff was eligible for leave under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, ("FMLA"), and plaintiff was absent from work on her approved FMLA leave from May of 2011 until August 2, 2011. Following plaintiff's

return to work, she applied for a promotion to defendant's open Optical Manager job position. Defendant selected another employee for the promotion and defendant's decision maker told plaintiff that, while she may have had a legitimate reason for being away from work, he had to know the new Optical Manager would be at work and plaintiff had not been at work. Defendant refused to promote plaintiff to the Optical Manager job position because of her FMLA leave in violation of the FMLA. As a direct result of defendant's actions, plaintiff has suffered damages.

      **5.**    **Defendant's Theory of the Case:** Plaintiff has been employed with Defendant as a dispensing optician since September 2008. In or about May 2011, Plaintiff experienced issues with her health, causing her to take a medical leave of absence from May 2011 until on or about August 2, 2011. Following her return to work, on or about September 8, 2011, Plaintiff applied for a promotion to Defendant's open Optical Manager job position. Defendant selected Tonya Garrett, another employee, for the Optical Manager position because it determined that Ms. Garrett was a better candidate for the position. Defendant did not interfere with Plaintiff's FMLA rights nor did it discriminate or retaliate against her for exercising those rights.

      **6.**    **Identification of Issues:** The following issues have been resolved: service of process, jurisdiction, and venue. All other issues relating to liability and damages are in dispute.

**7. Need for Additional Claims:** At this time, the parties do not anticipate a need for any counterclaims, cross-claims, third-party claims, amended pleadings, joinder of parties or claims, or class certification, or the need for resolution of any issues arising from Rules 13-15, 17-21, or 23 of the Federal Rules of Civil Procedure. Plaintiff may seek to amend her Complaint in accordance with the Federal Rules of Civil Procedure, if appropriate, following some discovery. The deadline for filing motions to amend the pleadings is **September 15, 2012**.

**8. Rule 26(a)(1) Disclosures:** The parties shall make their Rule 26(a)(1) disclosures within **30 days** from the date of the initial case management conference.

**9. Other Pretrial Discovery Matters:** All discovery shall be completed by the close of business on **November 20, 2012**. All written discovery shall be submitted in sufficient time so that the response may be submitted by the discovery cutoff date. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with the Magistrate Judge. Before exchanging documents and/or other information, Defendant anticipates requesting a Consent Protective Order.

**10. Expert Witnesses:**

(a) Plaintiff shall identify her expert witnesses and provide defendant(not file with the Court) all of the information specified in Rule 26(a)(2)(B) by **July 31, 2012**.

(b) Defendant shall identify its expert witnesses and provide plaintiff (not file with the Court) all of the information specified in Rule 26(a)(2)(B) by **August 31, 2012**.

(c) All supplements to expert reports shall be served by **September 17, 2012**.

(d) The deadline for completion of expert discovery is **November 20, 2012**.

(e) All motions related to expert discovery shall be filed by **November 5, 2012**.

(f) A telephone conference with Magistrate Judge Brown to discuss case progress is set for **October 22, 2012, at 10:00 a.m. To participate in the conference call, parties will call 615-695-2851 at the scheduled time.**

**11. Dispositive Motion Deadlines:** Dispositive motions shall be filed on or before **December 20, 2012**. Responses to dispositive motions shall be filed within **28 days** after service. Optional replies, limited to **five pages**, shall be filed within **14 days** after service of the response. Briefs shall not exceed **25 pages** without leave of Court. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

**12. Pretrial Conference and Deadlines:** A pretrial conference is set for **July 19, 2013, at 10:00 a.m.** The parties' pretrial obligations will be set forth by separately entered order.

**13. Trial Date and Length:** This case is set for a jury trial on **July 30, 2013, at 9:00 a.m.** The trial is expected to last three days.

**14. Settlement and Mediation:** The parties agree that settlement is unlikely. The parties intend to pursue the following alternative dispute resolution methods: ( ) mediation and (X) informal discussions between the parties. The parties will notify the Court on or before **October 31, 2012,** if they intend to mediate Plaintiff's claims.

**15. Magistrate Judge:** The parties do not consent to having this case tried before a Magistrate Judge of this Court.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

5