**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| LINDA G. CAMPBELL, ) | |
| ) | No. 3:12-cv-00306 |
| Plaintiff, ) | |
| ) | Judge Nixon |
| v. ) | Magistrate Judge Brown |
| ) | |
| COSTCO WHOLESALE CORPORATION, ) | |
| ) | JURY DEMAND |
| Defendant. ) | |

**ORDER**

Pending before the Court is Defendant Costco Wholesale Corporation's Renewed Omnibus Motion *In Limine* ("Motion"), requesting the Court exclude the following evidence: (1) the allegedly speculative opinion of Frank Principe regarding Defendant's consideration of certain factors in making the promotion decision at issue in this case; (2) the circumstances and specifics of Plaintiff Linda G. Campbell's psychological and/or medical conditions giving rise to her medical leave in this case; and (3) evidence regarding acts and decisions relating to Plaintiff's employment that occurred after the promotion decision. (Doc. No. 102.) Plaintiff filed a Response to the Motion, contesting all three requested exclusions. (Doc. No.103.) The Court held a Pretrial Conference in this matter on April 11, 2014, at which time the parties were informed the Court would rule on certain issues prior to trial.

The Court **DEFERS** ruling on Defendant's Motion as to the first ground: opinion statements of Principe regarding factors Defendant would consider in the promotion decision. Defendant relies on *Crane v. Monterey Mushroom, Inc.*, 910 F. Supp. 2d 1032 (E.D. Tenn. 2012), as support for the contention that Principe's statement was merely predictive, and thus amounts to a personal opinion that is inadmissible hearsay. (Doc. No. 102 at 5–6.) In *Crane*, the court determined statements by a non-decisionmaking, mid-level manager as to how an upper-

1

level decisionmaking manager would react to an employee taking leave under the Family and Medical Leave Act ("FMLA") would not be admissible.[1] 910 F. Supp. 2d at 1041. However, the *Crane* court made clear its determination was based on the statements at issue having not been shown to be "rationally based on [the mid-level manager]'s perceptions." *Id.* at 1042. While Defendant may properly argue at trial that Principe's opinion regarding what factors Defendant would consider should be excluded on similar grounds, Plaintiff will have the opportunity to establish a basis for admission at trial indicating Principe's alleged statement was based on his perception of Gerry D'Arco and/or Mike Rowe.

The Court **GRANTS** Defendant's Motion as to the second ground: information pertaining to the underlying medical reasons for Plaintiff's medical leave. The parties have already stipulated Plaintiff had a "Serious Health Condition" for purposes of qualifying for FMLA leave. (Doc. No. 79 ¶ 5.) Further, the legitimacy of Plaintiff's leave is not at issue in this case. To the extent Plaintiff remains concerned the jury will be confused as to why Plaintiff took FMLA leave, Plaintiff may submit an additional jury instruction on this issue for the Court's consideration. However, the Court notes that, should Defendant attack Plaintiff's credibility by questioning or otherwise placing at issue the legitimacy of Plaintiff's medical leave, Plaintiff shall be allowed to present rebuttal evidence of facts underlying her medical leave.

The Court **GRANTS in part** Defendant's Motion as to the third ground: evidence of acts and decisions related to Plaintiff's employment occurring after the promotion decision. Defendant expects that Plaintiff will seek to introduce evidence of post-promotion actions taken by Defendant, namely disciplinary actions and alleged "micromanagement" actions. (Doc. No. 102 at 8.) Defendant argues the only issue for trial is whether Defendant's failure to promote

---

[1] The Court notes the *Crane* opinion dealt with whether certain statements constituted direct evidence of discrimination for purposes of summary judgment, and therefore analyzed such statements as to their admissibility at trial. 910 F. Supp. 2d at 1041.

Plaintiff was based on her use of FMLA leave, and thus such post-promotion actions are irrelevant and unfairly prejudicial. (*Id.* at 8–9.) Plaintiff argues only that such post-promotion acts constitute "increased scrutiny" of Plaintiff that occurred "after her use of FMLA leave." (Doc. No. 103 at 2.) Plaintiff points to *Hamilton v. General Electric Co.*, 556 F.3d 428 (6th Cir. 2009), for the proposition that such "increased scrutiny of an employee's conduct and work performance after protected conduct can be as [sic] circumstantial evidence of Defendants' motivation to take adverse action against a Plaintiff." (*Id.*) Further, Plaintiff has framed the issue to be presented to the jury as "Was Plaintiff's FMLA leave a factor in Costco's decision to not select her for the Optical Manager position?"[2] (Doc. No. 80 at 3.) Accordingly, Plaintiff shall be precluded from introducing evidence of post-promotion actions by Defendant, except for those actions that are attributable to either Rowe or D'Arco as such may be relevant in establishing discriminatory animus.

Finally, as Defendant's Motion has incorporated all of its arguments regarding exclusion of evidence at trial, the Court hereby **TERMINATES AS MOOT** Defendant's previous Motion *In Limine* Regarding Post-Promotion Acts and Witnesses Not Identified with Specificity (Doc. No. 91.)

It is so ORDERED.

Entered this the 11<u>th</u> day of April, 2014.

                                                  JOHN T. NIXON, SENIOR JUDGE
                                                  UNITED STATES DISTRICT COURT

---

[2] The Court takes no position on whether such is the proper framing of the issue for the jury but simply cites such as indicative of Plaintiff's theory of the case.